UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **BRIAN NEZZER, Individually and For Others Similarly Situated,**<br>Plaintiff,<br><br>v.<br><br>**BELCAN CORPORATION LLC.,**<br>Defendant. | Case No. __2:22-cv-1083__<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.     Plaintiff Brian Nezzer (Plaintiff) brings this lawsuit individually and on behalf of all current and former recruiters (Putative Class Members) who worked for Belcan Corporation LLC (BCL or Defendant) who BCL classified as exempt employees under the FLSA and to whom BCL denied overtime compensation. Plaintiff brings this action to recover unpaid overtime wages and other damages from BCL under the Fair Labor Standards Act (FLSA), and the Pennsylvania Minimum Wage Act (PMWA). *See* 29 U.S.C. §§ 201 *et seq*; *see also* 43 P.S. §33.104 *et seq.*

2.     BCL employed Plaintiff and the Putative Class Members as recruiters.

3.     Plaintiff and the Putative Class Members regularly worked for BCL in excess of forty (40) hours each week.

4.     But BCL did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Instead of paying overtime as required by the FLSA, BCL improperly classified Plaintiff and the Putative Class Members as salaried employees exempt from the overtime requirements of the FLSA.

6. BCL's decision not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Rather, BCL knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff brings this class and collective action to recover unpaid overtime and other damages on behalf of himself and others similarly situated.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

10. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d)

11. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because BCL operates in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

13. Plaintiff worked for BCL as a recruiter from approximately December 2005 to approximately April 2020.

14. Plaintiff worked for BCL in the Pittsburgh, Pennsylvania metropolitan area.

15. Throughout his employment, BCL paid Plaintiff a salary with no overtime compensation.

16. Throughout his employment with BCL, Plaintiff was treated as an employee exempt from the overtime requirements of the FLSA.

17. Plaintiff's consent to be a party plaintiff is attached as **Exhibit A**.

18. Plaintiff brings this action on behalf of himself and all similarly situated employees who were classified as exempt and to whom BCL paid a salary but did not pay overtime compensation.

19. BCL classified these employees as exempt from the FLSA's overtime requirements and failed to pay these employees overtime for all hours that they worked in excess of forty (40) hours in a workweek in violation of the FLSA and the PMWA.

20. The FLSA Collective of similarly situated workers consists of:

**All current and former recruiters employed by or working on behalf of BCL who were paid a salary within the past three (3) years (FLSA Recruiters).**

21. Plaintiff further seeks certification of a class under Fed. R. Civ. P. 23 to remedy BCL's violations of the PMWA.

22. The class of similarly situated employees sough to be certified is defined as follows:

**All current and former recruiters employed by or working on behalf of BCL in Pennsylvania who were paid a salary within the past three (3) years (PA Class).**

23. Collectively, the FLSA Recruiters and PA Class are referred to as the "Putative Class Members."

24. The identities of the Putative Class Members can be readily ascertained from BCL's records.

25. BCL is a corporation headquartered in Ohio and may be served through its registered agent for service of process: **CT Corporation System**, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## COVERAGE UNDER THE FLSA

26. All previous paragraphs are incorporated as though fully set forth herein.

27. At all times hereinafter mentioned, BCL was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all times hereinafter mentioned, BCL was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all relevant times, BCL has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

30. At all relevant times, BCL does have and did have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

31. In each of the past 3 years, BCL's annual gross volume of sales exceeded $1,000,000 for at least the past 3 years.

32. At all relevant times, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4

33. During the respective periods of Plaintiff and the Putative Class Members' employment with BCL, the Putative Class Members provided services for BCL that involved interstate commerce for purposes of the FLSA.

34. BCL uniformly applied its policy of improperly classifying the Putative Class Members, including Plaintiff, as salaried employees exempt from the overtime provisions of the FLSA.

35. BCL uniformly applied its policy of paying its Putative Class Members, including Plaintiff, a salary without paying them overtime.

36. BCL applied this policy regardless of any alleged individualized factors such as job position, or job duties/responsibilities.

37. BCL's practice of misclassifying its employees as salaried employees exempt from the overtime provisions of the FLSA is in itself a violation of the FLSA.

38. By improperly classifying the Putative Class Members salaried employees exempt from the overtime provisions of the FLSA, and by failing to pay them overtime compensation, BCL violated (and continues to violate) the FLSA's requirement that it pay its employees at 1 and ½ times their regular rates for hours worked in excess of forty (40) in a workweek.

39. As a result of this policy, BCL and the Putative Class Members did not receive overtime payment as required by the FLSA.

40. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of BCL.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices BCL imposed on Plaintiff were likewise imposed on the Putative Class Members.

42. These class and collective claims are made on behalf of all those who are (or were) similarly situated to Plaintiff.

43. Numerous individuals have been victimized by BCL's patterns, practices, and policies, which are in willful violation of the FLSA and the PMWA.

44. Numerous other individuals who worked with Plaintiff were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

45. Based on his experience with BCL, Plaintiff is aware that BCL's illegal pay practices were imposed on the Putative Class Members.

46. The Putative Class Members were all improperly classified as exempt employees and not afforded overtime compensation when they worked in excess of forty (40) hours per week.

47. BCL's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

48. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

49. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

50. All the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are non-exempt employees entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

51. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52. BCL has employed a substantial number of employees similarly situated to Plaintiff within the three-year period preceding the filing of the instant lawsuit.

53. Upon information and belief, these Putative Class Members are geographically dispersed, residing and working in locations across the United States.

54. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and BCL will retain the proceeds of its rampant violations.

55. Moreover, individual litigation would be unduly burdensome to the judicial system.

56. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

57. Accordingly, the PA class of similarly situated plaintiffs should be certified, and the FLSA collective of similarly situated plaintiffs should be certified and notice promptly sent.

## ADDITIONAL FACTS

58. BCL is a global provider of engineering services across a variety of different industries. BCL offers its clients consulting services, as well as workforce solutions in the arenas of recruiting and staffing services.

59. To complete its business objectives and serve its customers, BCL hires recruiters (like Plaintiff) to engage in full-cycle recruiting and assist BCL clients in filling vacant job positions, and to otherwise further BCL's business interests.

60. For example, Plaintiff worked for BCL as a recruiter during the relevant time period in Pennsylvania. Throughout his employment with BCL, he was classified as an exempt employee and paid a salary with no overtime compensation.

61. Throughout Plaintiff's employment with BCL, BCL paid Plaintiff a salary.

62. During his time with BCL, Plaintiff estimates he regularly worked ten (10) or more hours each day, and approximately fifty (50) hours each week.

63. At no time during Plaintiff's employment with BCL did BCL pay him overtime compensation for hours worked in excess of forty (40) in a single week.

64. Plaintiff is one of many such workers that BCL employed.

65. Numerous other BCL recruiters held similar positions and fulfilled roles that predominantly involved following established steps and procedures in efforts to place candidates in job positions for BCL clients. These recruiters were improperly classified by BCL as exempt from overtime under the FLSA.

66. All such BCL employees are subjected to the same or similar illegal pay practices for the same or similar work.

67. These workers make up the proposed collective of Putative Class Members.

68. During the relevant period, these Putative Class Members were classified by BCL as exempt from the overtime provisions of the FLSA.

69. During the relevant period, these Putative Class Members regularly worked more than forty (40) hours each week.

70. During the relevant period, these employees were not paid overtime for the hours they worked for BCL in excess of forty (40) hours each week, as is required pursuant to the FLSA and the PMWA.

71. Rather, during the relevant period, these so-called exempt employees were paid a salary for each day/week worked.

72. While exact job titles and job duties may differ, BCL subjected the Putative Class Members, and other employees who served as BCL recruiters, to the same or similar illegal pay practices for performing similar work.

73. The Putative Class Members performed the same general job duties performed by Plaintiff.

74. The job duties of Plaintiff and the Putative Class Members were primarily non-manual and were normally performed from an office location.

75. The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or advanced degree.

76. Plaintiff and the Putative Class Members are/were subjected to the same or similar BCL policies and procedures which dictate the day-to-day activities performed by each person.

77. The work Plaintiff performed was an essential and integral part of BCL's business.

78. Likewise, the work performed by the Putative Class Members was an essential and integral part of BCL's business.

79. Plaintiff and the Putative Class Members did not have any supervisory or management duties, nor perform any supervisory tasks on behalf of BCL. Nor did any BCL employees report to Plaintiff or the Putative Class Members.

80. To the extent Plaintiff and the Putative Class Members were called on to "make decisions", such decisions did not require the exercise of independent discretion and judgment with respect to matters of significance.

81. Rather, in performing their work, Plaintiff and the Putative Class Members applied well-established techniques and procedures and used BCL's established standards to accomplish their tasks.

82. Plaintiff and the Putative Class Members did not and do not set the techniques and procedures used to perform their job duties; Likewise, these employees did not and do not set any BCL quality standards.

83. Plaintiff and the Putative Class Members were not and are not permitted to deviate from the techniques and procedures utilized to perform their job duties, nor to deviate from any quality standards.

84. With these job duties, Plaintiff and the Putative Class Members are clearly non-exempt employees under the FLSA and, as such, are entitled to overtime compensation.

85. But BCL classified Plaintiff and the Putative Class Members as exempt and did not and does not pay them employees overtime for hours worked in excess of forty (40) hours in a single workweek.

86. Plaintiff and the Putative Class members worked for BCL in the past three years.

87. As a result of BCL's exemption classifications and pay policies, Plaintiff and the Putative Class members were denied the overtime pay to which employees performing non-exempt job duties – employees like Plaintiff and the Putative Class Members – are legally entitled.

88. Accordingly, BCL's pay policies and practices blatantly violated (and continue to violate) the FLSA and the PMWA.

89. Because Plaintiff and the Putative Class Members were misclassified as exempt employees and denied overtime wages by BCL, they should receive overtime compensation for all hours that they worked in excess of forty (40) in each workweek.

**CAUSE OF ACTION**
**FLSA VIOLATIONS**

90. All previous paragraphs are incorporated as though fully set forth herein.

91. BCL has violated, and continues violating, Section 7 of the FLSA, 29 U.S.C. §§ 207, by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

92. In violating the FLSA, BCL knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation.

93. Because BCL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, BCL owes these wages for at least the past three years. BCL knew or should have known its pay practices were in violation of the FLSA.

94. The decision and practice by BCL to not pay overtime was neither reasonable nor in good faith.

95. Accordingly, Plaintiff and all those similarly situated are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

## PMWA VIOLATIONS

96. Plaintiff brings this claim against BCL under the PMWA as a Rule 23 class action.

97. BCL is subject to the overtime requirements of the PMWA because BCL is an employer under 43 P.S. V 333.103(g).

98. During all relevant times, Plaintiff and the PA Class Members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h)

99. During all relevant times, BCL was subject to the requirements of the PMWA.

100. During all relevant times, BCL employed Plaintiff and each PA Class Member as an "employee" within the meaning of the PMWA.

101. The PMWA requires employers like BCL to pay employees at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each PA Class Member are entitled to overtime pay under the PMWA.

102. BCL has and had a policy and practice of misclassifying Plaintiff and each PA Class Member as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

103. Plaintiff and the PA Class seek unpaid overtime in an amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

104. Plaintiff and the PA Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by BCL, as provided by the costs.

## JURY DEMAND

105. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

106. WHEREFORE, Plaintiff prays for judgment against BCL as follows:

    a. For an Order recognizing this proceeding as a collective action and permitting the issuance of a notice pursuant to Section 216(b) of the FLSA, certifying the FLSA Class as defined herein;

    b. For an Order requiring BCL to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential putative class members;

c.      For an Order approving the form and content of a notice to be sent to all potential Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.      For an Order certifying a Rule 23 class action on behalf of the Pennsylvania Class.

e.      For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the Putative Class Members.

f.      Judgment awarding Plaintiff and the FLSA Class all unpaid overtime, liquidated damages, and other compensation and relief available under the FLSA;

g.      Judgment awarding Plaintiff and the Pennsylvania Recruiters all unpaid overtime, liquidated damages, and other compensation and relief under the PMWA;

h.      For an Order awarding Plaintiff and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA.

i.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.      For an Order compelling the accounting of the books and records of BCL, at BCL's own expense;

k.      For an Order providing for injunctive relief prohibiting BCL from engaging in future violations of the FLSA, and requiring BCL to comply with such laws going forward; and

l.      For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date: July 1, 2022 | Respectfully submitted, |
| | By: /s/ *Joshua P. Geist* |

           **Michael A. Josephson**
           Texas Bar No. 24014780
           Pennsylvania Bar No
           **Andrew W. Dunlap**
           Texas Bar No. 24078444
           **Alyssa White**
           Texas Bar No. 24073014
           **JOSEPHSON DUNLAP LLP**
           11 Greenway Plaza, Suite 3050
           Houston, Texas 77046
           713-352-1100 – Telephone
           713-352-3300 – Facsimile
           mjosephson@mybackwages.com
           adunlap@mybackwages.com
           awhite@mybackwages.com

           **AND**

           **Richard J. (Rex) Burch**
           Texas Bar No. 24001807
           **BRUCKNER BURCH PLLC**
           8 Greenway Plaza, Suite 1500
           Houston, Texas 77046
           713-877-8788 – Telephone
           713-877-8065 – Facsimile
           rburch@brucknerburch.com

           **AND**

           **Joshua P. Geist**
           PA ID No. 85745
           **William F. Goodrich**
           PA ID No. 30235
           **GOODRICH & GEIST PC**
           3634 California Ave.
           Pittsburgh, Pennsylvania 15212
           412-766-1455 – Telephone
           412-766-0300 – Facsimile
           josh@goodrichandgeist.com
           bill@goodrichandgeist.com

           **ATTORNEYS IN CHARGE FOR PLAINTIFF**