## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **BRIAN NEZZER, Individually and For Others Similarly Situated,**<br><br>                        **Plaintiff,**<br><br>**v.**<br><br>**BELCAN LLC, and BELCAN SERVICES GROUP LP**<br><br>                        **Defendants.** | **Case No. 2:22-CV-01083-CB**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

### PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.      Belcan LLC and Belcan Services Group LP (collectively, 'BLL' or 'Defendants') have failed to pay Plaintiff Brian Nezzer, and other workers like him, overtime as required by the Fair Labor Standards Act ('FLSA').

2.      Plaintiff Brian Nezzer (Plaintiff) brings this lawsuit individually and on behalf of all current and former recruiters (Putative Class Members) who worked for BLL who BLL classified as exempt employees under the FLSA and to whom BLL denied overtime compensation. Plaintiff brings this action to recover unpaid overtime wages and other damages from BLL under the FLSA. *See* 29 U.S.C. §§ 201 *et seq*.

3.      BLL employed Plaintiff and the Putative Class Members as recruiters.

4.      Plaintiff and the Putative Class Members regularly worked for BLL in excess of forty (40) hours each week.

5.      But BLL did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Instead of paying overtime as required by the FLSA, BLL improperly classified Plaintiff and the Putative Class Members as salaried employees exempt from the overtime requirements of the FLSA.

7.      BLL's decision not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

8.      Rather, BLL knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9.      Plaintiff brings this class and collective action to recover unpaid overtime and other damages on behalf of himself and others similarly situated.

## JURISDICTION AND VENUE

10.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because BLL operates in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

12.      Plaintiff worked for BLL as a recruiter from approximately December 2005 to approximately April 2020.

13.      Plaintiff worked for BLL in the Pittsburgh, Pennsylvania metropolitan area.

14.      Throughout his employment, BLL paid Plaintiff a salary with no overtime compensation.

15.      Throughout his employment with BLL, Plaintiff was treated as an employee  exempt

from the overtime requirements of the FLSA.

16.    Plaintiff's consent to be a party plaintiff is attached as **Exhibit A**.

17.    Plaintiff brings this action on behalf of himself and all similarly situated employees who were classified as exempt and to whom BLL paid a salary but did not pay overtime compensation.

18.    BLL classified these employees as exempt from the FLSA's overtime requirements and failed to pay these employees overtime for all hours that they worked in excess of forty (40) hours in a workweek in violation of the FLSA.

19.    The FLSA Collective of similarly situated workers consists of:

**All current and former recruiters employed by or working on behalf of BLL who were paid a salary within the past three (3) years (Putative Class Members).**

20.    The identities of the Putative Class Members can be readily ascertained from BLL's records.

21.    Defendant Belcan LLC is a corporation headquartered in Ohio and may be served through its registered agent for service of process: **CT Corporation System**, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

22.    Defendant Belcan Service Group Limited Partnership is a corporation headquartered in Ohio and may be served through its registered agent for service of process: **KMK Service Corp.**, One E Fourth St #1800, Cincinnati, OH 45202.

## COVERAGE UNDER THE FLSA

23.    All previous paragraphs are incorporated as though fully set forth herein.

24.    At all times hereinafter mentioned, BLL was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.     At all times hereinafter mentioned, BLL was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26.     At all relevant times, BLL has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

27.     At all relevant times, BLL does have and did have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

28.     In each of the past 3 years, BLL's annual gross volume of sales exceeded $1,000,000 for at least the past 3 years.

29.     At all relevant times, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

30.     During the respective periods of Plaintiff and the Putative Class Members' employment with BLL, the Putative Class Members provided services for BLL that involved interstate commerce for purposes of the FLSA.

31.     BLL uniformly applied its policy of improperly classifying the Putative Class Members, including Plaintiff, as salaried employees exempt from the overtime provisions of the FLSA.

32.     BLL uniformly applied its policy of paying its Putative Class Members, including Plaintiff, a salary without paying them overtime.

33.     BLL applied this policy regardless of any alleged individualized factors such as job position, or job duties/responsibilities.

34.     BLL's practice of misclassifying its employees as salaried employees exempt from the overtime provisions of the FLSA is in itself a violation of the FLSA.

35.     By improperly classifying the Putative Class Members salaried employees exempt from the overtime provisions of the FLSA, and by failing to pay them overtime compensation, BLL violated (and continues to violate) the FLSA's requirement that it pay its employees at 1 and ½ times their regular rates for hours worked in excess of forty (40) in a workweek.

36.     As a result of this policy, BLL and the Putative Class Members did not receive overtime payment as required by the FLSA.

37.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of BLL.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices BLL imposed on Plaintiff were likewise imposed on the Putative Class Members.

39.     These class and collective claims are made on behalf of all those who are (or were) similarly situated to Plaintiff.

40.     Numerous individuals have been victimized by BLL's patterns, practices, and policies, which are in willful violation of the FLSA.

41.     Numerous other individuals who worked with Plaintiff were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal laws.

42.     Based on his experience with BLL, Plaintiff is aware that BLL's illegal pay practices were imposed on the Putative Class Members.

43.    The Putative Class Members were all improperly classified as exempt employees and not afforded overtime compensation when they worked in excess of forty (40) hours per week.

44.    BLL's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

45.    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

46.    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

47.    All the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are non-exempt employees entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

48.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

49.    BLL has employed a substantial number of employees similarly situated to Plaintiff within the three-year period preceding the filing of the instant lawsuit.

50.    Upon information and belief, these Putative Class Members are geographically dispersed, residing and working in locations across the United States.

51.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and BLL will retain the proceeds of its rampant violations.

52.    Moreover, individual litigation would be unduly burdensome to the judicial system.

53.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

54.     Accordingly, the PA class of similarly situated plaintiffs should be certified, and the FLSA collective of similarly situated plaintiffs should be certified and notice promptly sent.

## ADDITIONAL FACTS

55.     BLL is a global provider of engineering services across a variety of different industries. BLL offers its clients consulting services, as well as workforce solutions in the arenas of recruiting and staffing services.

56.     To complete its business objectives and serve its customers, BLL hires recruiters (like Plaintiff) to engage in full-cycle recruiting and assist BLL clients in filling vacant job positions, and to otherwise further BLL's business interests.

57.     For example, Plaintiff worked for BLL as a recruiter during the relevant time period in Pennsylvania. Throughout his employment with BLL, he was classified as an exempt employee and paid a salary with no overtime compensation.

58.     Throughout Plaintiff's employment with BLL, BLL paid Plaintiff a salary.

59.     During his time with BLL, Plaintiff estimates he regularly worked ten (10) or more hours each day, and approximately fifty (50) hours each week.

60.     At no time during Plaintiff's employment with BLL did BLL pay him overtime compensation for hours worked in excess of forty (40) in a single week.

61.     Plaintiff is one of many such workers that BLL employed.

62.     Numerous other BLL recruiters held similar positions and fulfilled roles that predominantly involved following established steps and procedures in efforts to place candidates in job positions for BLL clients. These recruiters were improperly classified by BLL as exempt from overtime under the FLSA.

63.    All such BLL employees are subjected to the same or similar illegal pay practices for the same or similar work.

64.    These workers make up the proposed collective of Putative Class Members.

65.    During the relevant period, these Putative Class Members were classified by BLL as exempt from the overtime provisions of the FLSA.

66.    During the relevant period, these Putative Class Members regularly worked more than forty (40) hours each week.

67.    During the relevant period, these employees were not paid overtime for the hours they worked for BLL in excess of forty (40) hours each week, as is required pursuant to the FLSA.

68.    Rather, during the relevant period, these so-called exempt employees were paid a salary for each day/week worked.

69.    While exact job titles and job duties may differ, BLL subjected the Putative Class Members, and other employees who served as BLL recruiters, to the same or similar illegal pay practices for performing similar work.

70.    The Putative Class Members performed the same general job duties performed by Plaintiff.

71.    The job duties of Plaintiff and the Putative Class Members were primarily non-manual and were normally performed from an office location.

72.    The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or advanced degree.

73.    Plaintiff and the Putative Class Members are/were subjected to the same or similar BLL policies and procedures which dictate the day-to-day activities performed by each person.

74.    The work Plaintiff performed was an essential and integral part of BLL's business.

75.     Likewise, the work performed by the Putative Class Members was an essential and integral part of BLL's business.

76.     Plaintiff and the Putative Class Members did not have any supervisory or management duties, nor perform any supervisory tasks on behalf of BLL. Nor did any BLL employees report to Plaintiff or the Putative Class Members.

77.     To the extent Plaintiff and the Putative Class Members were called on to "make decisions", such decisions did not require the exercise of independent discretion and judgment with respect to matters of significance.

78.     Rather, in performing their work, Plaintiff and the Putative Class Members applied well-established techniques and procedures and used BLL's established standards to accomplish their tasks.

79.     Plaintiff and the Putative Class Members did not and do not set the techniques and procedures used to perform their job duties; Likewise, these employees did not and do not set any BLL quality standards.

80.     Plaintiff and the Putative Class Members were not and are not permitted to deviate from the techniques and procedures utilized to perform their job duties, nor to deviate from any quality standards.

81.     With these job duties, Plaintiff and the Putative Class Members are clearly non-exempt employees under the FLSA and, as such, are entitled to overtime compensation.

82.     But BLL classified Plaintiff and the Putative Class Members as exempt and did not and does not pay them employees overtime for hours worked in excess of forty (40) hours in a single workweek.

83.     Plaintiff and the Putative Class members worked for BLL in the past three years.

9

84.     As a result of BLL's exemption classifications and pay policies, Plaintiff and the Putative Class members were denied the overtime pay to which employees performing non-exempt job duties – employees like Plaintiff and the Putative Class Members – are legally entitled.

85.     Accordingly, BLL's pay policies and practices blatantly violated (and continue to violate) the FLSA.

86.     Because Plaintiff and the Putative Class Members were misclassified as exempt employees and denied overtime wages by BLL, they should receive overtime compensation for all hours that they worked in excess of forty (40) in each workweek.

## CAUSE OF ACTION
## FLSA VIOLATIONS

87.     All previous paragraphs are incorporated as though fully set forth herein.

88.     BLL has violated, and continues violating, Section 7 of the FLSA, 29 U.S.C. §§ 207, by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

89.     In violating the FLSA, BLL knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation.

90.     Because BLL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, BLL owes these wages for at least the past three years. BLL knew or should have known its pay practices were in violation of the FLSA.

91.     The decision and practice by BLL to not pay overtime was neither reasonable nor in good faith.

10

92.    Accordingly, Plaintiff and all those similarly situated are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

## JURY DEMAND

93.    Plaintiff demands a trial by jury.

## RELIEF SOUGHT

94.    WHEREFORE, Plaintiff prays for judgment against BLL as follows:

a.    For an Order recognizing this proceeding as a collective action and permitting the issuance of a notice pursuant to Section 216(b) of the FLSA, certifying the FLSA Class as defined herein;

b.    For an Order requiring BLL to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential putative class members;

c.    For an Order approving the form and content of a notice to be sent to all potential Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto, and with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to Section 216(b) of the FLSA;

d.    For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the Putative Class Members.

e.    Judgment awarding Plaintiff and the FLSA Class all unpaid overtime, liquidated damages, and other compensation and relief available under the FLSA;

11

f.    For an Order awarding Plaintiff and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA.

g.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 7, 2022

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
Pennsylvania Bar No
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Alyssa White**
Texas Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

12

**Joshua P. Geist**
PA ID No. 85745
**William F. Goodrich**
PA ID No. 30235
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On September 7, 2022, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Michael A. Josephson*
**Michael A. Josephson**